GEORGE E MURPHY, ESQ   (SBN 153875)
5966 Ruthwood Drive
Calabasas, CA 91302
Telephone: 818-880-9188
Facsimile.: 818-880-6390

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
COUNTY OF RIVERSIDE, EASTERN DIVISION
STATE OF CALIFORNIA

| | |
|---|---|
| Maha El Moqaddem, <br><br> Plaintiff, <br><br> vs. <br><br> Albert Gregory Pinto, and DOES 1-10 <br><br> Defendants. | Case No. 5:23-cv-474 <br><br> **UNLIMITED CIVIL, DEMAND OVER $25,000.00** <br><br> **COMPLAINT FOR:** <br><br> **VERIFIED COMPLAINT FOR LEGAL MALPRACTICE AGAINT ALBERT GREGORY PINTO** <br><br> 1. **BREACH OF CONTRACT** <br> 2. **FRAUD-INTENTIONAL MISREPRESENTATION** <br> 3. **PROFESSIONAL NEGLIGENCE** <br> 4. **SEXUAL BATTERY** |

Plaintiff, Maha El Moqaddem alias Maha Visconti, hereby complains and alleges as follows:

1. Plaintiff "Moqaddem" (hereinafter referred to as Plaintiff) is now, and all times herein mentioned was, individual residing in the City of Fontana, County of Riverside, State of California.

2. Defendant Albert Gregory Pinto (hereinafter referred to as Defendant) upon confirmation as per Defendant himself a resident of State of Texas in the County of Brownwood who is no loner a State Bar Attorney in the State of California, and at all times mentioned herein was, an attorney licensed in the State of California representing Plaintiff is various

3. This court is the proper court for trial in this action in that the legal services that were provided by Defendant Albert Gregory Pinto to Plaintiffs were provided in the City of Los Angeles, County of Los Angeles, State of California.

4. Plaintiff is unaware of the true names or capacities, whether they are individuals or business entities, of Defendant DOES 1 through 10 inclusive, and therefore sue them by such fictitious names and will seek leave of this Court to insert true names and capacities once they have been ascertained. This lawsuit complaint does not accede $72,000 in damages and losses and limited to the legal malpractice of Albert Pinto and does not pertain to any other pending issues between Plaintiff and Defendant. This is lawsuit is to any and all unprofessional conduct as an attorney licensed to practice Law who has uses his license to violation his judiciary duties, Code of Ethics and Conduct that will be proven at Trial or through a Summary Judgment in this action.

5. At all times mentioned herein, Defendants, and each of them, inclusive of DOES 1 through 100, were authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency. Upon information and belief, all Defendants are responsible in some manner for the events described herein and are liable to Plaintiffs for the damages they have incurred.

6. Plaintiff is within the Status of limitation in bringing this Lawsuit. Ms. Moqaddem did not become aware of the unethical misconduct stated in this complaint for legal malpractice against Defendant until as recently as May of 2021 and thereafter. Furthermore, Plaintiff due to false misrepresentations of Defendant was incarcerated at Los Angeles County Jail from July 11, 2018 to November 24th, 2019 ( for one and half years) where Plaintiff became indigent while incarcerated in 2019. Therefore, Plaintiff is within her status of limitation for filing timely this complaint. Damages from this false incarceration is not included or part of this complaint. This is a complaint strictly about legal malpractice against her prior attorney Defendant A Pinto and demand that he returns the money he was paid when his name was added to the title of Range Rover Automobile for $53,500.

## BACKROUND

7.     Plaintiff and Defendant never had any real marriage or any ceremony celebration or ever had any shared martial residence ever. Through malice and calculated plans, Albert Pinto managed to get a marriage license from Beverly Hills Courthouse to defraud Plaintiff and divert the nature of attorney- Client relation to something else. Since marriage certificate was obtained by pure error because Plaintiff thought she was taken to the Beverly Hills Courthouse by Defendant to perhaps obtain a permission for 3 months for marriage licenses while she had NO intend to ever marry this individual after Defendant insisted repeatedly she goes with him to the Courthouse. Plaintiff executed signed and authorized annulment immediately after she had become aware of this fatal error in obtaining a marriage license . Shortly thereafter , Plaintiff served Albert Pinto with her executed annulment while she was in jail because of her attorney Albert Pinto. The relation between Albert Pinto and Plaintiff was an attorney – client relation and nothing else. Albert Pinto has the tendency to sexually assault and harass his female clients like he had done with me taking advantage

of Plaintiff's vulnerability at the time he met her who was at the time in desperate need for legal help and assistance.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT AS AGAINST DEFENDANT ALBERT GREGORY PINTO

8. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 7, inclusive, of this complaint, as though set forth hereat.

9. On or about , Plaintiff entered into a contract with Defendant for attorney-client relation on or about November 3,2017 attached hereto as **Exhibit "1"** where Defendant became the Divorce attorney of Ms. Moqaddem. Shortly thereafter, Plaintiff entered into a contract with Defendant regarding her IRS Refund from a Tax Petition that was filed by Plaintiff in Washington DC. True false promises and misrepresentations Albert Pinto did not do any work other then make few phone calls to IRS attorney. Plaintiff and Defendant entered into a contract on or about December 12,2022 about Plaintiff's IRS. The contracts specified that Defendant ALBERT GREGORY PINTO would provide legal services to Defendants, in the case of child custody dispute t that resulted to a plea Deal of Probation Case No. BD451399 and Probation child custody case , in the Los County Superior Courts, Central District (herein after referred to as "the case"). Based on verbal agreement and false promises by Albert Pinto, Plaintiffs paid Defendant an initial retainer of $53,500 by adding his name to an automobile Range Rover Car where she added Defendant as half owner of the case with a promise that he will be helping her get 1 million dollars in damages from Citibank case and her son since he only had made few phone calls in the IRS Refund case, when said contract was entered into. Plaintiffs paid an additional. A true and correct copy of said contract is attached hereto as **Exhibit "2"** and incorporated herein by reference.

- 4 -
VERIFIED COMPLAINT

10. On or about December 24, 2019, Defendant Albert Pinto breached said contract by not fulfilling his promise but instead stole the vehicle of Defendant from inside her private residence without her permission and later took her name off title without her knowledge. Defendant has never done any work in any of these cases and never returned the $53,500 back to Plaintiff to this date.

11. Albert Pinto was in a breach of such written and verbal agreement and contract with Plaintiff and demonstrated these acts as recently as end of 2021 and 2022.

12. Plaintiffs have performed all of the terms and conditions required to be performed by them under the terms of the contract, except those obligations Plaintiffs were prevented or legally excused from performing.

13. As a proximate result of the actions of Defendant Albert Pinto, Plaintiff has been damaged as follows, (1) they were ordered to pay monetary sanctions, (2) they had to spend money on additional attorney fees in an attempt to help assist that made it very difficult for Plaintiff while unjustly incarcerated, (3) Defendant had lied on the face of the contract by putting a false and inaccurate date that he started representing MS. Moqaddem on October 19,2017 when there is indisputable evidence that Albert Pinto did not start making his phone calls until end of November of 2017, Plaintiff's damages are not yet ascertained, but exceed the jurisdictional minimum of this Court, and will be proven at time of trial

14. Plaintiffs may incur attorney fees and costs in this action. Pursuant to the terms of the written contract entered into with Defendant Albert Gregory Pinto, Plaintiffs are entitled to recover their reasonable attorney fees and costs incurred in bringing this action. Defendant did not do any work to have earned $53,500 and had only made few phone calls and even admits to that himself in one of recent proceedings and now Plaintiff demands her funds back that were paid to Albert Pinto as a retainer by adding his name to the Range Rover Car.

## SECOND CAUSE OF ACTION

## FRAUD-INTENTONAL MISREPRENTATION AS AGAINST DEFENDANT ALBERT GREGORY PINTO AND DOES 1 through 100, inclusive,

15. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 14 inclusive, of this complaint as though set forth hereat.

16. On or about December 12,2018 , Plaintiffs entered into a contract with Defendant Albert Gregory Pinto. The contract specified that Defendant Albert Pinto would provide legal services to Defendants, in the case of Maha Visconti Case No. 27413-15 in Tax Court, in the United States Tax Court in Washington DC District (herein after referred to as "the case"). Plaintiff Just Discovered 5 months ago that Pinto had signed a representation in Tax Court for Tax Advocate that is very suspicious as to what Albert Pinto had done with this form by using the name of Plaintiff . Defendant made false promises that he was getting his license from State Bar of District of Columbia in Washington DC and that he will be able to assist with Trial. Then Pinto convinced Plaintiff to accept a settlement with IRS for much less then what she was entitled. Albert Pinto had promised Plaintiff that by as soon as he receives his state bar license in Washington DC that he was going to refile a Tax Court case by no later December of 2018 to requested an additional $300,000 to be refunded from IRS to Plaintiff but instead had Plaintiff arrested numerous times . Plaintiff relied on these false promises to find out later that Albert Pinto was a broke attorney with no potential cases other then a case with a school teacher and a client by the name of De Montesquieu he was having sexual relations with. In an unethical way, Plaintiff discovered that Albert Pinto was using his studio unit 111 in Santa Monica to film clients in sexual acts without their knowledge so he could blackmail them later for money. Also Plaintiff found out later that Defendant made completely false lies and fabrications about going to Tax Court as he did not have a license to practice at the time before the

Tax Court nor was he an experienced attorney in Tax litigation. All Defendant had done is make few phone calls and emails on behalf of client that would not have acceded the total amount of $2000. In total disappointment, Plaintiff received much less from IRS then she was suppose to due to the Fraud-Intentional Misrepresentation. Defendant defrauded intentionally Plaintiff by convincing Ms. Moqaddem to add his name to a Ranger Rover Automobile as a half owner on title. Through malice, Albert Pinto diverted this asset while placing Defendant in Jail and without her knowledge transferred title to his name only and may have sold the Range Rover. To this date Albert Pinto has not given any accounting as to what he has done with this asset and there is a separate lawsuit for punitive damages. Plaintiff paid Defendant an initial retainer of $53,500 when said contract was entered into. Plaintiffs subsequent to the signing of said contract which is attached hereto as Exhibit "1" and incorporated herein by reference. Even though this contract was signed on December 12,2022 nothing was done at all until end of March of 2018 when Plaintiff had to retain another attorney to help get her refund back from IRS. Plaintiff has repeatedly asked for her funds back and Albert Pinto ignored all these requests as to this date. Plaintiff discovered until recently as of five months ago that Albert Pinto had signed or forged her signature on a tax form that is being currently investigation for Tax Advocate by using her name by albert Pinto.

  17. At the time that Plaintiffs entered into the contract with Defendant Albert Pinto as herein alleged, and at Los Angeles, California, Defendant made verbal representations that he was an experienced attorney who knew real estate law and civil litigation, and that due to his specialized knowledge and experience they would have no problem winning the case as well as promised to get Plaintiff her funds back from Citibank in hundreds of thousands of Dollars that was all lies and intentional misrepresentations to defraud Plaintiff of her funds.

18. On or about February or March of 2022, Albert Pinto made false statements to the Court that he did not know that Plaintiff was on Probation Plea Deal from her child custody in her old Divorce case proceedings. Defendant has lied in open Court perjuring himself when Defendant knew from day one he met Plaintiff in the first week of July of 2017 that Plaintiff was in probation and had agreed, without knowing, to a horrifying Plea Deal from her child custody that resulted to also a restraining order. With promises that ere false and made by Defendant to delude Plaintiff, Albert Pinto became the attorney of Plaintiff in her Divorce case and child custody proceedings that is evidenced and attached hereto as **Exhibit "4"**. Albert Pinto knew for sure and certain that Plaintiff was on probation when he had her arrested knowingly knowing in advise that by having Ms. Moqaddam arrested that he will keep her in jail on no bail so he can keep her funds and property. Furthermore Albert Pinto made a false statement in his Declaration signed under Penalty of Perjury attached hereto as **Exhibit ":5"** that him and Plaintiff resided together for 1 year that is a total lie and fabrication because Plaintiff NEVER at anytime resided with Plaintiff nor had any shared residence and was always residing at all times with her brother. The only time that Plaintiff was about 4 to 5 days a week with Defendant was when he rented a house for one and half months in upper Pasadena where Defendant took Plaintiff there with false promises that he will be having an office there to work on her cases.

19. The representations made by Defendant Albert Pinto were in fact false. The true facts were that Defendant Albert Pinto was not a competent attorney and had almost no experience in either real estate law or civil litigation or any litigation at all , and further he had absolutely no intention whatsoever of competently representing Plaintiffs in the case. The actual intent was to induce Plaintiffs to enter into the contract and verbal agreement with Defendant Albert Pinto .

20. Until June 30,2018 At the time that the representations were made to Plaintiffs and at the time Plaintiffs took the actions herein alleged, Plaintiffs were ignorant of the falsity of these representations, and believed them to be true. In reliance upon these representations, Plaintiffs were induced to and did, enter into a contract and verbal agreement with Defendant Albert Pinto , and to pay the sum of $ 53,500 to Defendant Albert Pinto as a retainer, and to pay an additional subsequent to the signing of said contract and verbal agreement from false promises by Albert Pinto . Had Plaintiffs known the actual facts, they would not have taken such action. Plaintiffs' reliance on Defendants' representations was justified in that Plaintiff believed in a special relationship of trust and confidence with the Defendants. Plaintiffs had no reason to distrust Defendants in any way.

21. At all times herein mentioned, Plaintiff reposed great trust and confidence in Defendants, and each of them, and Defendants, by words and deeds directly and indirectly voluntarily accepted that trust and confidence. Defendants were aware that Plaintiff was in danger of losing the case of Citibank and the other case if she did not have adequate legal representation, and that Plaintiff's gave her investors monies to Defendants with the express intention that Defendants act in Plaintiffs' best interests to ensure that she did not lose the cases Defendant was further aware of , as a result of their superior knowledge and experience in real estate law and civil litigation and family Law that Plaintiff was totally dependent on Defendants' honesty, integrity, experience, judgment and advice. As a result thereof, Defendant was fiduciarie of each Plaintiff.

22. The extent of the fraud perpetrated on Plaintiffs by Defendants, as herein alleged, was not discovered by plaintiffs until on or about May of 2020 April of 2021 as well as February of 2022, when Plaintiff discovered that Defendant had no intention of doing any work other then defraud Plaintiff of her money and funds. Albert Pinto NEVER once made one single appearance in tax Court and only filed one document in family Court attached hereto as **Exhibit "3"** but walked

VERIFIED COMPLAINT

away with $53,300. Furthermore, Albert Pinto is in violation of Code of Ethics and professional conduct and has not returned property of Plaintiff to this date when finally confronted with evidence Albert Pinto admitted to having 27 items in his possession and tried to bargain with Plaintiff that he will return her valuable and properly in a condition that she dismissed the civil pending lawsuit against him currently pending in Federal Court Central District. Plaintiff has also lied in his statement that Plaintiff had abandoned her property which is NOT true at all because Albert Pinto was always giving false promises that Plaintiff's property was stored by his person in a storage facility that was over 6 hours drive from where he is lying constating to Plaintiff and her family to keep her belongings and valuables this long against the wish of Plaintiff for over 3 years. Defendant found out that indisputable evidence was provided to the State Bar against him and that is why he is now admitting he still has Plaintiff's property.  On December of 2020 Albert Pinto made a promise to Plaintiff that her belongings and property were stored in a safe storage facility that was 7 hours drive away from Defendant. Then after that Defendant took off to Texas State without ever returning property back to Plaintiff when he has access to all her attorneys contact information but did not make any arrangement to drop off and sign for Plaintiff's property released . In addition Albert Pinto was acting in total disregard of the Restraining Criminal Order as an officer of the Court and was going secretly to the jail to visit Plaintiff without ever telling anyone to this date to manipulate and control the actions of Plaintiff and buy more time as a direct fraud of intentional representations as a licensed attorney with the State Bar of California. Plaintiff did not become aware of the extent of these unlawful conducts and seriousness of these secret visits and the effect it has had on her life and criminal case until July 15,2022 when Plaintiff finally understood the schemes and pre plans of Albert Pinto.

23. As a direct and proximate result of the actions of Defendant, and each of them, Plaintiffs have suffered damages as follows, (1) they were ordered to pay monetary sanctions, (2) she had to spend money on additional attorney fees in an attempt to salvage her case(s) (3) Plaintiff was first approached by Defendant with false promises and deceitful plan damage defraud Plaintiff from her funds and harm her not protect her as an attorney. Plaintiff's damages are not yet ascertained, but exceed the jurisdictional minimum of this Court, and will be proven at time of trial. Plaintiffs have further sustained severe emotional and mental distress as a result of worry and anxiety about the possibility of losing all of their assets as a proximate result of the fraudulent actions of Defendants, all to their detriment in an amount not as yet ascertained, but which will be proven at time of trial.

24. In doing the acts complained of herein, Defendant Albert Gregory Pinto acted oppressively, maliciously, with a conscious disregard of the rights of others, and with the express intent to defraud harass and annoy plaintiff. Defendants purposely and maliciously set out to and did deprive plaintiffs of a substantial sum of money as herein alleged. Plaintiffs are thus entitled to an award of punitive and exemplary damages according to proof.

### THIRD CAUSE OF ACTION

### PROFESSIONAL NEGLIGENCE AS AGAINST DEFENDANT ALBERT GREGORY PINTO

25. Plaintiffs repeat, replead and reallege each and every allegation set forth in paragraphs 1 through 24 inclusive, of this complaint.

26. On or about December 12 to July 11, 2018, Plaintiff entered into a contract with Defendant Albert Pinto. The contract specified that Defendant Albert Pinto would provide legal services to Defendants, in the case of Maha Visconti Alias Maha Moqaddem Case No. BD451399, The case for IRS Refunds and Citibank in the Los Angeles County Superior Court (herein after

- 11 -
VERIFIED COMPLAINT

referred to as "the case(s)"). Plaintiffs paid Defendant an initial retainer of $53,500 when said contract was entered into, subsequent to the signing of said contract which is attached hereto as Exhibit "2" and incorporated herein by reference.

27. Defendant Albert Pinto had a duty to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise in representing Plaintiffs.

28. On or about January of 2019 and December of 2019, and December 2020 Defendant Albert breached his duty by damaging the cases of Plaintiff based on false promises to trick Plaintiff to add his name to the Range Rover Automobile for legal services to be rendered , by failing to prepare adequate responses that would have resulted to a higher amount of refund form IRS and sabotaged the Case of Citibank. But instead Albert Pinto decided to keep Plaintiff's funds and converted the Range Rover Automobile without an accounting to this date of what he had done with Plaintiff's assets and funds paid to purchase this vehicle.

29. On or December of 2018 to July 11,2018 , Defendant Albert Pinto breached their duty by failing to prepare and file an adequate opposition to Plaintiff's IRS refund case, did not do any work in the probation violation plead deal from child custody and did not do any work at all in Citibank and instead had plaintiff thrown unjustly in Jail. Specifically Defendant Albert Pinto failed to include Plaintiffs Responses that were pertinent to be addressed in Tax Court but since he was did not get his license as promised, Albert Pinto only made few phone calls and Plaintiff refused to pay him any money for these phone call for less then $1000 total. In return Albert Pinto made false promises to Plaintiff that if she gives him the $53,500 in a form a purchase interest in a motorcycle of automobile that he will in return have the probation of her child custody resolved and also will make sure to get her back a million dollars from Citibank for her missing funds and damages . Plaintiff relied and Albert Pinto's statements and false promises and added his name to a new Range Rover

Automobile. Furthermore, Plaintiff made it very clear to Albert Pinto that if he does not fulfill his promises that she will be removing his name from the Title of Range Rover and Defendant agreed and based on that agreement Plaintiff added the name of Defendant to the car that she solely had paid for. This resulted shortly after this execution of this agreement in Defendant's malicious act to have Plaintiff incarcerated so he never returns her funds back and property.

30. But for the professional negligence of Defendant Albert Pinto , Plaintiffs would not have been damaged as Plaintiff had a meritorious defense to said lawsuit.

31. As a proximate result of the professional negligence of Defendant Albert Pinto as alleged herein, Plaintiffs have been damaged as follows, (1) she lost her child custody case of probation , (2) she had to spend money on additional attorney fees in an attempt to have the other case salvaged but still enormous delays that has effected the Citibank Case, (3) Plaintiff has suffered from the loss of her funds and property by an attorney who is an officer of the Court and was trusted because of that to be deceived and cheated at the end. Plaintiff's damages are not yet ascertained, but exceed the jurisdictional minimum of this Court, and will be proven at time of trial.

## **FOURTH CAUSE OF ACTIONS**

## **SEXUAL BATTERY**
## **(Against DEFENDANT ALBERT PINTO)**

32. PLAINTIFF hereby incorporates by reference all previous paragraphs as if fully set forth herein.

33. On at least 10 occasions between approximately August 2017 and April 2018, Pinto perpetrated unpermitted, harmful, and offensive sexual abuse upon PLAINTIFF, and DEFENDANT ratified and/ or approved of that sexual abuse by taking advantage of the vulnerability of Plaintiff at

the time who was very concerned about her minor son and her Tax Court case and another case and was in a need of help and believed the false promises of Albert Pinto. Defendant would always bother Plaintiff by keeping his hands all over her against her wish while that made her very uncomfortable. In 2 occasions Plaintiff refused to be sexually assaulted and used by Albert Pinto where ALBERT PINTO forcefully held Plaintiff and placed a Pellow in her face stopping Plaintiff from breathing that she almost died. In one occasion, Plaintiff while not being able to breath faced an internal bleeding to her left ear that caused her to not be able to hear anything anymore from her left ear that to this date is still damaged. TO cover up for his malicious acts of repeated sexual assaults, Albert Pinto perpetrated a scheme to have Plaintiff arrested with false police report statements by making up thins on the police report. Plaintiff later discovered that Albert Pinto was a broke attorney who was using female clients for sexual relations in violation of State Bar Code of Conduct.

34.     Plaintiff had always indicated to Defendant that she does not want to have any sexual relation with him and that she wanted a strict friendship and mainly a respectful client -attorney relation that Albert Pinto violated as a licensed attorney who approached and met client that he was an attorney with promises to do legal work for her not sexually abuse and assault her. Albert Pinto has violated the Code of Conduct:

Rule 1.8.10 Sexual Relations with Current Client
(Rule Approved by the Supreme Court, Effective November 1, 2018)

1. (a) A lawyer shall not engage in sexual relations with a current client who is not the lawyer's spouse or registered domestic partner, unless a consensual sexual relationship existed between them when the lawyer-client relationship commenced.

2. (b) For purposes of this rule, "sexual relations" means sexual intercourse or the touching of an intimate part of another person* for the purpose of sexual arousal, gratification, or abuse.

3. (c) If a person* other than the client alleges a violation of this rule, no Notice of Disciplinary Charges may be filed by the State Bar against a lawyer under this rule until the State Bar has attempted to obtain the client's statement regarding, and has

considered, whether the client would be unduly burdened by further investigation or a charge.

35. As a result of the above- described conduct, PLAINTIFF has suffered, and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations, and loss of enjoyment of life; was prevented and will continue to be prevented from performing daily activities and obtaining full enjoyment of life; and has incurred and will continue to incur expenses from this misconduct of Albert Pinto.

**WHEREFORE**, Plaintiffs pray for Judgment against Defendants, and each of them, as follows: for damages; costs; interest, statutory and civil penalties according to law; and such other relief as the court deems appropriate and just.

Dated:   March 18, 2023

By: _____
George E. Murphy, Esq
Attorney for Maha Visconti (Moqaddem)

## VERIFICATION

I, Maha. El Moqaddem, have verified the complaint for malpractice against Albert Pinto. I have read the forgoing verified Complaint , and that the information stated therein is factual and true, and those factual matters which are stated upon information and believed to be true.

Dated: March 18, 2023

_____
Maha El Moqaddem, Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Maha Moqaddem hereby demands trial by jury in this action to be on calendar for December 11, 2023 with final Status Conference on November 23, 2023.

Dated: March 18, 2023        ___/s/ GEORGE MURPHY_____
                             GEORGE E MURPHY, ESQ
                             Attorney for Plaintiff